IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

LEWIS BOGAN,

                Petitioner

VS.

NO. 5:03-CV-249(CAR)

PAUL THOMPSON, Warden,

**PROCEEDINGS UNDER 28 U.S.C. §2254**
**BEFORE THE U.S. MAGISTRATE JUDGE**

                Respondent

## RECOMMENDATION

Petitioner LEWIS BOGAN, an inmate at Dooly State Prison in Unadilla, Georgia, has filed a petition seeking federal habeas corpus relief. Tab #1. The Eleventh Circuit Court of Appeals has remanded this court's denial of habeas corpus relief for consideration of petitioner's remaining claim of ineffective assistance of counsel which has a number of sub-parts.[1]

### I. FACTS

The historical facts concerning this case are set forth as follows by the Georgia Court of Appeals:

> During the early morning hours of December 27, 1997, the defendant snatched a woman's purse in the parking lot of a Cracker Barrel restaurant located in Perry as she and her husband walked to the restaurant. The defendant ran. The husband pursued the defendant and managed to attach himself to the driver's side of the pickup in which defendant sped away.

---

[1] Specifically, the petitioner has the following claims remaining: allegations that counsel was constitutionally deficient because counsel failed to:

(1) adequately prepare for trial, (2) interview key witnesses, (3) move to sever count one, receiving stolen property, from the remaining counts, (4) request jury instructions on lesser included offenses, (5) reserve objections to the jury instructions, (6) move to suppress the victim's identification testimony, and (7) subpoena witnesses on his behalf.

> In an unprompted confession to his cellmate admitted at trial, the defendant stated that he nonetheless drove off, "dragging" the husband with him, managing to shake him from the vehicle, leaving him injured on the ground. Defendant was arrested in the afternoon of January 2, 1998, after he was found hiding in the darkened men's room of Hughes Auto Care in Perry-this upon a 911 call to the Perry Police Department from a Hughes Auto Care employee. The employee reported a suspected stolen vehicle in that he had overheard a conversation between a man who had driven a black, like-new, 1997 Toyota Tacoma to the shop and his employer in which the driver offered to sell the vehicle for only $1,500, although the vehicle appeared to be worth nearly ten times as much. Other evidence showed that the police confirmed the vehicle's status as stolen and found its ignition key in the restroom in which the defendant hid.

*Bogan v. State*, 249 Ga. App. 242, 547 S.E.2d 326 (2001).

## II. PROCEDURAL HISTORY

On January 14, 1997, petitioner LEWIS BOGAN was indicted by a Houston County grand jury on one count of theft by receiving stolen property, aggravated assault, and robbery by sudden snatching.[2] After a jury trial held on February 25-28, 1997, petitioner was found guilty on all three counts. He was sentenced to three consecutive twenty year sentences without the possibility of parole.

Petitioner appealed his convictions to the Georgia Court of Appeals, and his convictions were affirmed on March 15, 2001. *Bogan v. State*, 249 Ga. App. 242, 547 S.E. 2d 326 (2001). He then filed a *pro se* Motion For Reconsideration which was denied on April 13, 2001 as untimely filed.

On October 11, 2001, petitioner Bogan filed a <u>state</u> habeas corpus petition in the Superior Court of Ware County, Georgia. That court denied relief in a written order filed December 9, 2002. Petitioner then filed a notice of appeal and thereafter sought an application for a certificate of probable cause to appeal. His application was subsequently denied by the Georgia Supreme Court on June 9, 2003.

---

[2] Plaintiff was also indicted on one count of entering a motor vehicle with intent to commit a theft. However, that count was *nolle prossed*.

Petitioner next filed the instant federal habeas corpus petition on July 28, 2003. Tab #1. On May 19, 2004, the undersigned recommended that petitioner be denied relief on the basis that petitioner had failed to demonstrate cause and actual prejudice on what appeared to the undersigned as procedurally defaulted claims. Tab #30. On June 4, 2004, the district court agreed with and adopted said recommendation thus denying petitioner relief. Tab #32. Thereafter, on October 13, 2004, the Eleventh Circuit Court of Appeals granted petitioner a certificate of appealability on a single issue, to-wit: whether petitioner Bogan had procedurally defaulted his claims that he received ineffective assistance of counsel.

On March 16, 2006, the Eleventh Circuit issued an unpublished opinion finding that the only claim procedurally defaulted was that trial counsel was ineffective for failing to file a motion to sever based on venue issues. In the view of the Court of Appeals, all other claims had been properly raised and addressed on the merits in petitioner's direct appeal. Accordingly, this matter was remanded for further consideration in this court.[3] *Bogan v. Thompson*, No. 04-13175 (11th Cir. Mar. 16, 2006) (unpublished).

### III. LEGAL STANDARDS

Because the Georgia Court of Appeals adjudicated petitioner's claims on the merits, the Antiterrorism and Effective Death Penalty Act prevents a federal court from granting habeas relief unless the state court's decision either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e).

---

[3] *See FN1, supra.*

"A state court decision is 'contrary to' clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir.2001). An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id.*

The Supreme Court has held that § 2254(d)(1) imposes a " 'highly deferential standard for evaluating state-court rulings,' " *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002) (quoting *1307 *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7, 117 S.Ct. 2059, 2066 n. 7, 138 L.Ed.2d 481 (1997)), a standard "which demands that state-court decisions be given the benefit of the doubt," *Id.*

The Supreme Court has instructed lower federal courts that the statute requires more than mere error, and more even than clear error, before federal habeas relief may be issued. E.g., *Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . .."*); Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003) ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness.")*; Early v. Packer*, 537 U.S. 3, 11, 123 S.Ct. 362, 366, 154 L.Ed.2d 263 (2002) (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . .."); *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

4

Petitioner Bogan contends that his trial counsel rendered ineffective assistance by failing to: (1) adequately prepare for trial, (2) interview key witnesses, (3) move to sever count one, receiving stolen property, from the remaining counts, (4) request jury instructions on lesser included offenses, (5) reserve objections to the jury instructions, (6) move to suppress the victim's identification testimony, and (7) subpœna witnesses on his behalf.

The Supreme Court has clearly established the law governing ineffective assistance claims in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, petitioner Bogan's burden is two-fold: first, he must demonstrate that his counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. at 2066; second, he must establish a reasonable probability that, but for his counsel's deficient performance, the result of the proceedings would have been different. *Id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Both showings are necessary for any relief; failure to establish either is fatal and makes it unnecessary to consider the other. *Id.* at 697, 104 S.Ct. at 2069.

It is also important to note that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. In addition to the deference to counsel's performance mandated by *Strickland*, as discussed above, the AEDPA adds another layer of deference— this one to a state court's decision— when considering whether to grant federal habeas relief from a state court's decision. *Woodford*, 537 U.S. at 24, 123 S.Ct. at 360 (section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings") (internal marks and citation omitted). Thus petitioner Bogan must do more than satisfy the *Strickland* standard. He must also show that in rejecting his ineffective assistance of counsel claim, the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002).

# IV. DISCUSSION OF PETITIONER'S SPECIFIC CLAIMS

**Claims 1, 2, and 7**

Petitioner claims that his counsel was deficient because he failed to adequately prepare for trial, and in related claims, was deficient because he failed to interview and subpœna certain witnesses including Robby Hughes and Deputy Ford. To support the claim that his trial counsel was not adequately prepared for trial, petitioner points to the fact that his trial counsel did not conduct pretrial interviews of the state's potential witnesses.

In support of the claims that his trial counsel was deficient for failing to interview and subpœna Robby Hughes and Deputy Ford, petitioner Bogan noted his trial counsel's concession that during the trial he felt a need, but did not ask, for more time to interview these individuals. *Randy Wynn's Answers to Defendants First Interrogatories,* Resp. Exh. 1 (appellate record) at 124-136, at Response #40(hereinafter Interrogatory #__).[4] Petitioner further contends that had his trial counsel interviewed, subpœnaed, and ultimately called Robby Hughes and Deputy Ford to testify, their testimony would have impeached the testimony of some of the state's witnesses. According to petitioner, the testimony of Robby Hughes would have shown that petitioner did not attempt to sell the black Toyota Tacoma truck. Petitioner fails to state what Deputy Ford's testimony might have been or how it might have impacted the outcome of the case.

The state court, after correctly identifying the appropriate standard of review as set forth in *Strickland,* began its analysis of the above claims by pointing out that petitioner's counsel "attested that he was adequately prepared for trial after preparing for a month and that he was not unfamiliar with the testimony of the potential witnesses, having two times read the State's file containing their information, statements." ( Interrogatory #39). The record also reflects that trial counsel thrice reviewed the petitioner's file in the public defender's office, reviewed the relevant code and annotations, and met with the petitioner five times before trial.

---

[4]Numbered pages in Respondent's Exhibit 2 begin after the trial transcript.

The state court noted that in order to demonstrate deficient performance by counsel, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered [a] sound trial strategy. The court then concluded that the petitioner failed to support these parts of his ineffectiveness claim with evidence that trial counsel's actions were not legitimately sound trial strategies. Consequently, the state court held that petitioner Bogan failed to establish deficient performance [under the first prong of *Strickland*] as to these claims. *Bogan*, 547 S.E.2d at 330 (internal modification and citation omitted).

**Claim 3**

Petitioner next claims that his counsel was ineffective because he failed to move to sever the theft by receiving stolen property count from those charging the petitioner with aggravated assault and robbery by sudden snatching. In support, petitioner points to his trial counsel's statement that he should have filed such a motion, and that "Lewis Bogan would NOT have been convicted of Aggravated Assault against Henry Lowe or Robbery of Margaret Lowe if a severance had been granted." Interrogatory #40 (emphasis in original).

With regard to this claim, the state court held that "the decision not to file a motion to sever is a matter of trial tactics and the fact that such a motion was not filed does not require a finding that trial counsel was ineffective." *Bogan*, 547 S.E.2d at 330 (internal modification and citation omitted). In further support of its conclusion, the state court added that, in any event, "a defendant must do more than raise the *possibility* that separate trials upon the charges against him would have provided him a better chance of acquittal." *Id.* (emphasis added).

7

**Claim 4**

Petitioner claims that his counsel was ineffective because he failed to request a charge on the lesser included offenses of theft by taking and reckless conduct. In addressing this claim, the state court noted that the pursuit of an all or nothing defense is a matter of trial strategy.[5] *Bogan*, 547 S.E.2d at 330 (internal modification and citation omitted). As such, the state court concluded that counsel's failure to request a charge on lesser included offenses did not constitute deficient performance. *Id*.

**Claim 5**

Petitioner Bogan claims that he received ineffective assistance of counsel because his trial counsel failed to reserve objections to the jury charge. When asked why he failed to reserve objections, trial counsel responded that "the judge gave the standard jury charge and there was nothing given that I thought was objectionable." Interrogatory #44.

In addressing this claim, the state court concluded that failure to object to a court's charge does not amount to ineffective assistance of counsel where, as in the instant case, the appellant does not show how it prejudiced his case. *Id.* at 330 (internal modifications and citation omitted).

**Claim 6**

Petitioner claims that his trial counsel was ineffective because he did not move to suppress the victims' identification testimony. The husband and wife victims in this case testified that the defendant and the perpetrator shared similar features; however, both were unable to positively identify the defendant as the perpetrator in court. Likewise, the husband and wife testified that they had been unable to positively identify the defendant in the photographic lineup shown to them before trial.

---

[5]This is especially true when, as in the instant case, the defendant claims that someone else committed the criminal acts.

In light of the above, the state court held as follows:

> Beyond the absence of any in-court identification, the testimony of the husband and wife as to the perpetrator's identity was not otherwise inadmissible, since it was relevant on the question of the defendant's identity whether to show that he was the perpetrator or to show that he was not. Under these circumstances, trial counsel's failure to object to the identification testimony cannot be considered deficient performance, since objection was not warranted. In any event, in light of defendant's admissions of record, prejudice is not shown under the second prong of *Strickland*.

*Bogan*, 547 S.E.2d at 331.

## V. CONCLUSION

As previously noted, since the Georgia Court of Appeals adjudicated petitioner's claims on the merits, the Antiterrorism and Effective Death Penalty Act prevents a federal court from granting habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). In this case, the state court correctly identified the appropriate legal rule to be used when reviewing claims of ineffective assistance of counsel as that which was clearly outlined by the court in *Strickland.* Having identified the correct legal rule, it is the opinion of the undersigned, the state court's application of the rule to the facts of the instant case was both reasonable and correct.

Accordingly, IT IS RECOMMENDED that the above-captioned petition for habeas corpus be DENIED.

SO RECOMMENDED, this 21ˢᵗ day of JULY, 2008.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE