IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON  DIVISION

| | |
|---|---|
| LEWIS BOGAN,             : | |
| :                         | 5:03-cv-249 (CAR) |
| Petitioner,      :        | |
| :                         | |
| vs.            :          | HABEAS CORPUS |
| :                         | 28 U.S.C. § 2254 |
| PAUL THOMPSON, Warden,  : | |
| :                         | |
| Respondent.     :         | |

## *ORDER ON THE RECOMMENDATION*
## *OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is a Recommendation [Doc.67] from United States Magistrate Judge Claude W. Hicks, Jr., that recommends denying Petitioner's petition for habeas corpus.  Petitioner has subsequently filed an Objection to the Recommendation [Doc. 68]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's Objection, has made a de novo determination of the portions of the Recommendation to which Petitioner objects, and finds the Objection to be without merit.

Petitioner's Objection addresses three statements in the Recommendation.  First, Petitioner objects to the statement that the Eleventh Circuit Court of Appeals concluded that all the claims in the Certificate of Appealability, except for the claim that trial counsel was ineffective for failing to file a motion to sever based on venue issues, were addressed *on the merits* in Petitioner's direct appeal.  In the March 16, 2006 opinion, the Eleventh

Circuit addressed each of the claims and concluded that each had been fairly *presented* in Petitioner's direct appeal and thus were not procedurally defaulted.  While it is implicit in their conclusion that the claims were considered on the merits on direct appeal, Petitioner is correct that no such explicit statement is contained therein.  However, as the Recommendation addresses each claim on the merits, this objection is moot.

Petitioner's second and third objections assert that the state court's decision should not have received deferential treatment and that the United States Magistrate Judge's conclusion that the state court decision was correct is wrong.  This Court, however, does not agree.  As fully explained in the Recommendation, the state court correctly identified the appropriate legal rule to be used when reviewing claims of ineffective assistance of counsel as that which was clearly outlined by the court in Strickland v. Washington, 466 U.S. 668 (1984).  Having identified the correct legal rule, the Court agrees with the Magistrate Judge that the state court's application of the rule to the facts of the instant case was both reasonable and correct.  Accordingly, the Recommendation [Doc. 67] is **Accepted**, and Petitioner's Habeas Corpus Petition is **Dismissed**.

**SO ORDERED**, this 16th day of January, 2009.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

SSH